United States District Court for the District of New Hampshire

Marc Jon Manchon,
Plaintiff,

v.

Charlestown, NH Police department
Chief Patrick Connor, individually and in his official capacity,
and Dispatcher Sirena Relihan,
Defendants.

COMPLAINT
(Civil Rights Violation – First and Fourth Amendments)

---

INTRODUCTION

1. Plaintiff, Marc Jon Manchon, brings this civil action pursuant to 42 U.S.C. § 1983 to seek redress for violations of his First and Fourth Amendment rights under the U.S. Constitution by Defendants, Chief Patrick Connor and Dispatcher Sirena Relihan, officers of the Charlestown Police Department.

2. The Plaintiff alleges that the Defendants, acting under color of law, unlawfully arrested him and confiscated his recording device in retaliation for the exercise of his constitutionally protected rights, including free speech, the right to petition, assembly, and the right to record public officials. Additionally, Plaintiff's Fourth Amendment rights were violated through unlawful arrest and seizure of his property without probable cause.

---

JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Charlestown, New Hampshire, within this district.

---

PARTIES

5. Plaintiff: Marc Jon Manchon is a resident of New Hampshire and resides at 174 Main St, Keene, NH 03431.

6. Defendant Patrick Connor is the Chief of Police of the Charlestown Police Department, located at 2 Claremont Rd, Charlestown, NH 03603. He is sued in his individual and official capacities.

7. Defendant Sirena Relihan is a dispatcher for the Charlestown Police Department and is sued in her individual capacity.

---

STATEMENT OF FACTS

8. On October 27, 2021, Plaintiff Marc Jon Manchon entered the lobby of the Charlestown Police Department to pick up public records from Chief Patrick Connor while live-streaming the event to his YouTube channel, "PressNH Now."

9. During the live stream, Plaintiff instructed his subscribers not to call the police department. However, subscribers of their own volition began calling the Charlestown Police Department to express their concerns about police conduct.

10. Chief Patrick Connor accused Plaintiff of causing the calls to the police department and falsely claimed that Plaintiff was directing people to make the calls. These claims were untrue as Plaintiff had made repeated efforts to dissuade his subscribers from calling.

11. Dispatcher Sirena Relihan communicated to Chief Connor that Plaintiff was causing the calls, despite the fact that viewers were calling on their own free will to petition and redress the police department.

12. As a result, Chief Connor directed or facilitated Plaintiff's arrest by other officers or personnel, charging Plaintiff with disorderly conduct and obstructing government administration. Plaintiff was arrested in retaliation for his live-streaming activity and the calls made by others.

13. Plaintiff's recording device, which was live-streaming the event, was confiscated by the arresting officers without a warrant or legal justification, constituting an unlawful seizure.

14. Plaintiff was subjected to bail conditions that prohibited him from entering any public buildings in Charlestown, NH, which further infringed upon his First Amendment rights by preventing him from attending town meetings, public events, and even the local library and town hall.

15. A week later, Plaintiff was arrested again for allegedly violating these bail conditions by entering the town hall, though this charge was later dismissed at arraignment.

16. At trial, Plaintiff was found not guilty of the charges of disorderly conduct and obstructing government administration, further supporting the fact that there was no probable cause for his initial arrest.

---

CAUSES OF ACTION

COUNT I: Violation of First Amendment Rights (Free Speech, Assembly, Petition, and Right to Record)

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Plaintiff was engaged in constitutionally protected activities, including live-streaming a police interaction in a public space, expressing his opinions, and speaking about matters of public concern. These activities are protected by the First Amendment, which guarantees the right to

free speech, assembly, petition, and the right to record public officials in the performance of their duties.

19. Despite Plaintiff's clear efforts to discourage his subscribers from calling the police department, Chief Patrick Connor and Dispatcher Sirena Relihan falsely accused him of inciting the calls and retaliated against him by facilitating his arrest.

20. The arrest and the confiscation of Plaintiff's recording device, which occurred in a public space, were designed to suppress Plaintiff's protected speech and activities. The bail conditions further inhibited Plaintiff's ability to attend public meetings or access government buildings, violating his right to petition and assemble.

21. These actions were without just cause, in bad faith, and were clear violations of Plaintiff's First Amendment rights.

COUNT II: Violation of Fourth Amendment Rights (Unlawful Arrest and Seizure)

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

23. Plaintiff's arrest, facilitated by Chief Patrick Connor and based on the false accusations of Dispatcher Sirena Relihan, was without probable cause. Plaintiff's conduct was peaceful and non-disruptive, as evidenced by his eventual acquittal on all charges.

24. The seizure of Plaintiff's recording device without a warrant or legal justification also violated the Fourth Amendment's protection against unreasonable searches and seizures.

25. The charges brought against Plaintiff were baseless, as they were later dismissed, and Plaintiff was found not guilty at trial, further demonstrating the lack of probable cause for his arrest and the unlawful nature of the seizure.

---

RELIEF REQUESTED AND SETTLEMENT OFFER

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Compensatory damages in the amount of $50,000 (or an amount to be determined by the jury) to compensate Plaintiff for:

Legal fees and travel expenses incurred as a result of the wrongful arrest and subsequent legal proceedings;

Emotional distress and psychological harm, including anxiety, fear, and distress, caused by the arrest, confiscation of Plaintiff's recording device, and restriction from public buildings;

Lost opportunities to exercise Plaintiff's First Amendment rights and engage in public life, including being barred from public buildings and prevented from attending public meetings, the town hall, and other essential forums in Charlestown, NH.

2. Punitive damages in the amount of $100,000 (or an amount to be determined by the jury) to punish Defendants for their malicious and reckless disregard for Plaintiff's constitutional rights and to deter future violations.

3. Injunctive relief ordering the Charlestown Police Department to cease any policy or practice that restricts individuals from accessing public buildings or exercising their First Amendment rights without legitimate cause, and to prevent the imposition of similar unconstitutional bail conditions in the future.

4. An order declaring that Defendants violated Plaintiff's First and Fourth Amendment rights under the United States Constitution.

5. Attorney's fees and costs under 42 U.S.C. § 1988, even though Plaintiff is proceeding pro se, if applicable.

6. A full written apology letter

7. Any other relief the Court deems just and proper.

---

JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

---

Dated: 10/25/2024

Signed: *[signature]*
Marc Jon Manchon
174 Main St, Keene, NH 03431
603-504-5788
accountabilityforall15@yahoo.com