UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
*********************************************
Marc Jon Manchon,                            *
                                             *
                Plaintiff,                   *
v.                                           *        Docket No. 1:24-cv-00347-LM-AJ
                                             *
Town of Charlestown, NH Police Department, et al. *
                                             *
                Defendants.                  *
*********************************************
```

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, Town of Charlestown, NH Police Department, Chief Patrick Connors

("Chief Connors"), and Dispatcher Sirena Relihan ("Dispatcher Relihan") file this answer and

affirmative defenses in response to Plaintiff's amended complaint[1] (ECF Doc. 12) and state as

follows:

1.      This paragraph constitutes Plaintiff's introductory paragraph to which no response

is necessary. To the extent some response is deemed necessary, Defendants deny that they

violated Plaintiff's constitutional rights and further deny that Plaintiff is entitled to the relief he

seeks.

2.      This paragraph constitutes Plaintiff's statement of his case to which no response is

necessary. To the extent some response is deemed necessary, Defendants deny that they violated

Plaintiff's constitutional rights and further deny that Plaintiff is entitled to the relief he seeks.

3.      This paragraph constitutes Plaintiff's argument regarding this case to which no

response is necessary. To the extent some response is deemed necessary, Defendants deny that

---

[1] To the extent that the headings can be construed as factual allegations, Defendants deny the factual allegations set forth in Plaintiff's headings. Because Plaintiff's amended complaint does not contain numbered paragraphs, Defendants attach, as exhibit A, a numbered complaint for ease of reference

they violated Plaintiff's constitutional rights and further deny that Plaintiff is entitled to the relief he seeks.

4.      This paragraph constitutes a legal conclusion relative to this Court's jurisdiction to which no response is necessary. To the extent some response is deemed necessary, Defendants deny the allegations in this paragraph to the extent they are inconsistent with existing law.

5.      This paragraph constitutes a legal conclusion regarding venue to which no response is necessary. To the extent some response is deemed necessary, Defendants deny the allegations in this paragraph to the extent they are inconsistent with existing law.

6.      Defendants are without sufficient information to admit or deny the allegations in this paragraph.

7.      Defendants admit that Patrick Connors is the Chief of Police of the Charlestown Police Department. The remainder of this paragraph constitutes a legal conclusion to which no response is necessary.

8.      Defendants admit that Sirena Relihan is a dispatcher for the Town of Charlestown Police Department. The remainder of this paragraph constitutes a legal conclusion to which no response is necessary.

9.      Defendants deny the allegations in this paragraph as framed.

10.      Defendants admit only that David A. Tucker is a bail commissioner. Defendants deny the remaining allegations in this paragraph as framed.

11.      Defendants admit that Plaintiff entered the lobby of the Charlestown Police Department on October 27, 2021 and further admit that Plaintiff appeared to be recording his interactions with a smartphone. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

12.     This paragraph refers to a video recording that speaks for itself and requires no response. To the extent some response is deemed necessary, Defendants deny the allegations in this paragraph to the extent they are inconsistent with or otherwise mischaracterize the content of the video recording.

13.     Defendants admit that Chief Connors and Dispatcher Relihan reasonably believed that Plaintiff was the cause of a high volume of telephone calls being placed to the Charlestown Police Department during the time on October 21, 2021 when Plaintiff was located in Charlestown Police Department. Defendants deny the remaining allegations in this paragraph as framed.

14.     Defendants deny the allegations in this paragraph as framed.

15.     Defendants admit that Plaintiff's recording device was confiscated. Defendants deny the remaining allegations in this paragraph as framed.

16.     Defendants admit that a bail commissioner imposed bail conditions on Plaintiff. Plaintiff's bail conditions refer to written documentation that speaks for itself and requires no response. To the extent some response is required, Defendants deny the allegations related to the conditions of bail to the extent these allegations are inconsistent with or mischaracterize Plaintiff's bail conditions. Defendants further deny Plaintiff's allegations that such bail conditions infringed Plaintiff's First Amendment rights.

17.     Defendants admit that Plaintiff was arrested for violating the conditions of his bail and further admit that the charges were dismissed at Plaintiff's arraignment.

18.     Defendants admit that Plaintiff was found not guilty for the charges of disorderly conduct and obstructing government administration. Defendants deny the remaining allegations in this paragraph as framed.

19.    This paragraph constitutes a legal conclusion to which no response is necessary. To the extent some response is necessary, Defendants deny the allegations in this paragraph to the extent they are inconsistent with the law.

20.    Defendants deny the allegations in this paragraph as framed.

21.    Defendants deny the allegations in this paragraph as framed.

22.    Defendants deny the allegations in this paragraph as framed.

23.    Defendants deny the allegations in this paragraph as framed.

24.    Defendants deny the allegations in this paragraph as framed.

25.    Defendants deny that Plaintiff is entitled to any of the relief sought in this paragraph and subparts as alleged in the "Relief Requested" section of his amended complaint.

**Ad Damnum:** Defendants deny that Plaintiff is entitled to the relief he seeks within his operative complaint.

AND BY WAY OF FURTHER ANSWER, Defendants assert and otherwise reserve the following affirmative defenses:

A.  Defendants deny liability and damages.

B.  Defendants deny the factual and legal allegations against them, except where expressly admitted above.

C.  Defendants deny violating Plaintiff's constitutional, federal, state, statutory, or common law rights.

D.  Plaintiff's Complaint fails to state proper claims for which relief may be granted.

E.  Plaintiff's alleged damages were the result of Plaintiff's fault and unlawful conduct.

F.  Plaintiff's alleged damages were caused, in whole or in part, by Plaintiff's violation of the law, i.e., statutes, ordinances, regulations, policies, or other legal authority

governing the conduct of the parties at the time that said injuries or damages were sustained, and/or because he posed a direct threat at the time.

G. Defendants at all times acted in the public interest of promoting and protecting public safety and good order in accordance with existing laws, policies, and practices.

H. Defendants' actions were justified by probable cause.

I. Plaintiff's arrest was lawfully effectuated.

J. Plaintiff failed to mitigate his damages, if any.

K. Plaintiff's claims are barred by the doctrines of absolute, individual, official, prosecutorial, municipal, and qualified immunity.

L. Defendants are entitled to raise the defenses of statutory and common law immunities, including but not limited to RSA 507-B, RSA 507:8-d, and RSA 627, *et seq.*

M. Plaintiff's damages are limited by the provisions of RSA 507-B:4.

N.  Defendants' actions were not the proximate cause of any injury to Plaintiff.

O. No punitive or enhanced damages are warranted or permitted by Federal Law and RSA 507-B:4, II and IV.

P. Defendants' actions were justified or privileged.

Q. Plaintiff's damages, if any exist, were caused by the acts or omissions of third parties over whom Defendants exercised no control and for whom Defendants are not responsible.

R. Defendants reserve the right to assert that Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, judicial estoppel, laches, and equitable estoppel.

S.  Defendants reserve the right to assert that Plaintiff lacks standing to assert the claims asserted in this action.

T.  Defendants reserve the right to assert that Plaintiff's claims are barred by the statute of limitations.

U.  Defendants reserve the right to assert that Plaintiff's claims are barred by <u>Heck v. Humphrey</u>.

V.  Defendants reserve the right to add, supplement, and otherwise clarify these and further affirmative defenses or other defenses that may become apparent as discovery proceeds or as a matter of course throughout this litigation as these defenses become known.

**WHEREFORE**, Defendants respectfully request the following affirmative relief:

1.  Dismiss the Plaintiff's Complaint;

2.  Grant judgment in favor of the Defendants;

3.  Award Defendants reasonable attorneys' fees and costs;

4.  Provide a jury of not less than six (6) to decide all issues; and

5.  Award attorney's fees and costs to the Defendants.

Respectfully submitted,

**Town of Charlestown, NH Police Department, Patrick Connors and Sirena Relihan**

By Their Attorneys,

**Gallagher, Callahan & Gartrell, P.C.**

Dated:  March 17, 2025

By:  /s/ Matthew V. Burrows
Matthew V. Burrows, Esq. (#20914)
214 North Main Street
Concord, NH  03301
(603) 228-1181

6

burrows@gcglaw.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of this filing was served this date via the Court's electronic filing system upon Plaintiff.


Dated:  March 17, 2025                          By:  /s/ Matthew V. Burrows
                                                      Matthew V. Burrows, Esq.