EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

**MARC JON MANCHON,**
Plaintiff,

v.

**CHARLESTOWN, NH POLICE DEPARTMENT,**
**CHIEF PATRICK CONNOR, individually and in his official capacity,**
**DISPATCHER SIRENA RELIHAN,**
**BAIL COMMISSIONER DAVID A. TUCKER,**
Defendants.

Case No.: 1:24-cv-00347-LM-AJ

### AMENDED COMPLAINT
**(Pursuant to Fed. R. Civ. P. 15(a), 19, and 20)**

**1** NOW COMES Plaintiff, MARC JON MANCHON, pro se, and files this Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, incorporating Bail Commissioner David A. Tucker as an additional Defendant. Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his First and Fourth Amendment rights by Defendants, who acted under color of law to unlawfully arrest, detain, and impose unconstitutional restrictions on his civil liberties.

**2** ## INTRODUCTION
Plaintiff seeks redress for constitutional violations, including:
   - Unlawful arrest and detention without probable cause.
   - Unconstitutional bail conditions imposed by Bail Commissioner David A. Tucker.
   - Unlawful seizure of Plaintiff's recording device, violating his Fourth Amendment rights.
   - Retaliation for engaging in constitutionally protected newsgathering and recording of public officials.

**3** Defendants' actions have created a chilling effect, discouraging Plaintiff and others from exercising their First Amendment rights due to fear of retaliatory arrest or restrictive bail conditions.

## JURISDICTION AND VENUE

**4** This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1343, as this case arises under the Constitution and federal law.

**5** Venue is proper in the District of New Hampshire under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Charlestown, New Hampshire.

## PARTIES

**6** Plaintiff: Marc Jon Manchon, an independent journalist and resident of New Hampshire.

**7** Defendant Patrick Connor: Chief of Charlestown Police Department, sued in his individual and official capacities.

**8** Defendant Sirena Relihan: Dispatcher for Charlestown Police Department, sued in her individual capacity.

**9** Defendant Charlestown Police Department: A municipal entity subject to liability under § 1983.

**10** Defendant Bail Commissioner David A. Tucker: The official who imposed unconstitutional bail conditions on Plaintiff.

## STATEMENT OF FACTS

**11** On October 27, 2021, Plaintiff entered the lobby of the Charlestown Police Department to retrieve public records from Chief Patrick Connor while livestreaming on his YouTube channel, 'PressNH Now.'

**12** Plaintiff explicitly instructed viewers not to call the police department. However, some viewers independently called to express concerns about police conduct.

**13** Despite Plaintiff's clear efforts to discourage his subscribers from calling the police department, Chief Patrick Connor and Dispatcher Sirena Relihan falsely accused him of inciting the calls and retaliated against him by facilitating his arrest.

14. Plaintiff's arrest, facilitated by Chief Patrick Connor and based on the false accusations of Dispatcher Sirena Relihan, was without probable cause. Plaintiff's conduct was peaceful and non-disruptive, as evidenced by his eventual acquittal on all charges.

15. During the arrest, Plaintiff's recording device was confiscated without a warrant or legal justification, constituting an unlawful seizure.

16. Plaintiff was subjected to bail conditions that prohibited him from entering any public buildings in Charlestown, NH, which further infringed upon his First Amendment rights by preventing him from attending town meetings, public events, and even the local library and town hall.

17. A week later, Plaintiff was arrested again for allegedly violating these bail conditions by entering the town hall, though this charge was later dismissed at arraignment.

18. At trial, Plaintiff was found not guilty of the charges of disorderly conduct and obstructing government administration, further proving that there was no probable cause for his initial arrest.

## CAUSES OF ACTION

COUNT I - FIRST AMENDMENT VIOLATION (Against All Defendants, including Bail Commissioner Tucker)

19. The First Amendment guarantees the rights to free speech, press access, and public assembly.

20. Bail Commissioner Tucker's restriction functioned as an unconstitutional prior restraint, preventing Plaintiff from engaging in lawful newsgathering and public discourse (Reed v. Town of Gilbert, 576 U.S. 155 (2015)).

21. The restriction was imposed as a form of retaliation against Plaintiff for exercising his First Amendment rights, particularly his right to record public officials (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011); Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018)).

COUNT II - FOURTH AMENDMENT VIOLATION (Against Chief Connor and Dispatcher Relihan)

22. Plaintiff was arrested without probable cause, violating his Fourth Amendment rights.

23. The warrantless seizure of Plaintiff's recording device constituted an unlawful search and seizure under Riley v. California, 573 U.S. 373 (2014).

24. At no time did Plaintiff interfere with law enforcement duties, pose a flight risk, or engage in behavior that would justify a warrantless seizure under the exigent circumstances doctrine.

## RELIEF REQUESTED

WHEREFORE, Plaintiff seeks the following relief:

  - Declaratory Judgment that the bail condition imposed by Bail Commissioner Tucker was unconstitutional.

  - Compensatory damages in the amount of $50,000, including legal fees, travel expenses, and emotional distress.

  - Punitive damages in the amount of $100,000 (or an amount to be determined by the jury) to punish Defendants for their malicious and reckless disregard for Plaintiff's constitutional rights and to deter future violations.

  - Injunctive relief ordering the Charlestown Police Department to cease any policy or practice that restricts individuals from accessing public buildings or exercising their First Amendment rights without legitimate cause.

  - An order declaring that Defendants violated Plaintiff's First and Fourth Amendment rights under the United States Constitution.

  - Attorney's fees and costs under 42 U.S.C. § 1988, even though Plaintiff is proceeding pro se, if applicable.

  - A full written apology letter from Defendants.

  - Any other relief the Court deems just and proper.

Dated: March 3, 2025

Respectfully submitted,

**Marc Jon Manchon**
**Pro Se Plaintiff**

25