UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Marc Manchon,

Plaintiff,

v.

David A. Tucker, et al.,

Defendants.

Civil No. 1:24-cv-00347-LM-AJ

OBJECTION TO DEFENDANT DAVID A. TUCKERS MOTION TO EXTEND TIME

NOW COMES the Plaintiff, Marc Manchon, appearing pro se, and respectfully objects to Defendant David A. Tuckers Motion to Extend Time (Doc. 23) to respond to the Amended Complaint. In support of this objection, Plaintiff states the following:

INTRODUCTION

Plaintiff objects to the requested extension because Defendant Tucker has failed to show specific facts constituting good cause under Federal Rule of Civil Procedure 6(b)(1). Courts consistently hold that extensions should not be granted as a matter of course, particularly when no concrete

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

explanation is provided. Further delay in this civil rights action would not only prejudice Plaintiff but also undermine the publics strong interest in the timely resolution of claims alleging constitutional violations.

GROUNDS FOR OBJECTION

Plaintiff filed an Amended Complaint on March 2, 2025, naming David A. Tucker as a defendant. Service was completed on or about March 11, 2025, giving Defendant substantial notice and preparation time.

Defendant seeks an extension through April 11, 2025, based solely on generalized claims of workload and other litigation commitments. However, A motion to extend time under Rule 6(b) is committed to the discretion of the district court and will be denied absent a showing of good cause. United States v. Perez, 736 F.2d 236, 238 (5th Cir. 1984); see also Lujan v. Natl Wildlife Fedn, 497 U.S. 871, 896 n.5 (1990) (stating extensions are not a matter of right).

Local Rule 7.1(a)(2) of this District requires that motions state the specific grounds for the relief sought. Defendants motion fails this standard, offering no detailed justification, no scheduling conflicts, and no demonstrated diligence.

Defendant is represented by the Office of the Attorney General of New Hampshire, an office with adequate resources to manage overlapping matters. Courts have routinely denied extensions where parties fail to show why the existing deadline could not reasonably be met. See Cohen v. Bd. of Trs.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

of the Univ. of D.C., 819 F.3d 476, 479 (D.C. Cir. 2016) (affirming denial of extension due to failure to show diligent pursuit).

The public interest in swift adjudication of civil rights claims under 42 U.S.C. 1983 weighs against delay. Courts recognize that Delay in adjudicating constitutional rights may itself constitute a form of injustice. Glik v. Cunniffe, 655 F.3d 78, 82 (1st Cir. 2011). Civil rights plaintiffsand the publichave an interest in prompt resolution where constitutional abuses are alleged.

CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. DENY Defendant Tuckers Motion to Extend Time (Doc. 23);

B. Require Defendant Tucker to respond to the Amended Complaint within the current deadline; and

C. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Marc Manchon

Plaintiff, Pro Se

Dated: March 29, 2025

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

CERTIFICATE OF SERVICE

I, Marc Manchon, hereby certify that on this 29th day of March, 2025, a true and correct copy of the foregoing Objection to Defendant David A. Tuckers Motion to Extend Time was served via the Courts Electronic Case Filing (ECF) system to all parties who are registered participants, including:

Counsel for Defendant David A. Tucker

Office of the Attorney General

New Hampshire Department of Justice

33 Capitol Street

Concord, NH 03301

If any party is not a registered ECF user, a copy will be sent by first-class mail, postage prepaid.

Respectfully submitted,

Marc Manchon

Plaintiff, Pro Se

Dated: March 29, 2025