# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

```
*****************************************
Marc Manchon                        *
                                    *
          Plaintiff,                *
     v.                             *          Civil No. 1:24-cv-00347-LM-AJ
                                    *
David Tucker, et al.                *
                                    *
          Defendants.               *
                                    *
*****************************************
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

The Defendant David Tucker, by and through his counsel, the New Hampshire Office of the Attorney General, hereby submits the within *Memorandum of Law* in support of his *Motion to Dismiss*, stating in support thereof as follows:

## BACKGROUND AND PROCEDURAL POSTURE

Plaintiff submitted an Amended Complaint in this matter on or around March 2, 2025, adding Defendant Bail Commissioner David A. Tucker as a Defendant. ECF Doc. No. 12. Defendant Tucker accepted service of the Amended Complaint, through counsel, on March 11, 2025.

In his Amended Complaint, Plaintiff alleges that the Defendant Bail Commissioner violated Plaintiff's constitutional rights with regard to certain bail conditions related to an October 27, 2021 arrest. ECF Doc. No. 12 at 1-2. Plaintiff does not specify whether the Commissioner is named in his individual or official capacity, nor does he state for what time period the bail conditions were in place.

For purposes of this motion only, the facts as alleged in the Amended Complaint are accepted as true.[1] Plaintiff is an "independent journalist" and has a YouTube channel called "PressNH Now." ECF Doc. No. 12 at 2. On October 27, 2021, Plaintiff entered the lobby of the Charlestown Police Department to retrieve certain public records. ECF Doc. No. 12 at 2. Plaintiff was livestreaming on his YouTube channel from the police station lobby while multiple "viewers" of Plaintiff's channel called the Police Department to "express concerns" about police conduct. ECF Doc. No. 12 at 2. Plaintiff claims he had tried to discourage such calls. ECF Doc. No. 12 at 2. Plaintiff was arrested and charged with disorderly conduct and obstructing government administration. ECF Doc. No. 12 at 3.

Bail conditions were imposed on Plaintiff which prohibited him from "entering any public buildings in Charlestown, NH" unless he was "reporting a crime or injury." ECF Doc. No. 12 at 3, ECF Doc. No. 12-1. A week later, Plaintiff violated these bail conditions and was arrested. ECF Doc. No. 12 at 3. Plaintiff's charges for violation of bail conditions were dismissed at arraignment, and Plaintiff was found not guilty of the charges of disorderly conduct and obstructing government administration. ECF Doc. No. 12 at 3. Accordingly, as of his filing of the Amended Complaint, Plaintiff was no longer subject to the above bail conditions. *See supra.*

In his Amended Complaint, Plaintiff raises two claims under 42 USC § 1983: Count I (First Amendment Violation) is against "[a]ll Defendants, including Bail Commissioner Tucker"

---

[1] The Amended Complaint with which Defendant Bail Commissioner was served (ECF Doc. No. 14) is not identical to the Amended Complaint Plaintiff initially filed with the Court (ECF Doc. No. 12). For example, the served Amended Complaint requests a permanent injunction regarding Defendant Bail Commissioner's imposition of future bail conditions against Plaintiff or other similarly situated individuals "unless justified by a compelling government interest and subject to due process protections." ECF Doc. No. 14 at 7. Defendant assumes that the Amendment Complaint docketed as ECF Doc. No. 12 is the operative pleading in this case and bases the recitation of facts in this memorandum on that pleading.

and Count II (Fourth Amendment Violation) is against "Chief Connor and Dispatcher Relihan" only. ECF Doc. No. 12 at 1, 3.

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and an award of attorney's fees and costs. ECF Doc. No. 12 at 4; ECF Doc. No. 14 at 6-7. Specifically, with regard to Defendant Bail Commissioner, Plaintiff seeks: (1) a declaratory judgment that the 2021 bail condition was unconstitutional, (2) $50,000.00 in compensatory damages related to "legal fees, travel expenses, and emotional distress," (3) $100,000.00 in punitive damages to "punish Defendants" for their "malicious and reckless disregard for Plaintiff's constitutional rights" and to "deter future violations," (4) declaratory judgment that Defendant Bail Commissioner violated Plaintiff's First Amendment Rights[2] under the United States Constitution, (5) a permanent injunction prohibiting Defendant Bail Commissioner from "imposing any future bail conditions that [are unconstitutional,] restrict press access or broadly bar individuals from public buildings, both against Plaintiff and similarly situated individuals, unless justified by a compelling governmental interest and subject to due process protections[,]"[3] (6) Attorney's fees and costs under 42 U.S.C. § 1988, "even though Plaintiff is proceeding pro se," and (7) an "apology letter" from Defendants. ECF Doc. No. 12 at 4.

Defendant Bail Commissioner Tucker submits the within Motion to Dismiss regarding Plaintiff's claims against him.

---

[2] The Amended Complaint (ECF Doc. No. 12) generally requests a declaratory judgment that "Defendants" violated Plaintiff's First and Fourth Amendment rights. Because the substance of both Amended Complaints clarifies that Plaintiff raises no Fourth Amendment claim against Defendant Bail Commissioner, it is assumed that the request for declaratory relief as to him relates to the First Amendment only.
[3] ECF Doc. No. 14, Page 7, Prayers 4 and 6.

**ARGUMENT**

Plaintiff seeks to use this federal forum to challenge bail conditions imposed upon him by Defendant Bail Commissioner in a state court proceeding, which conditions Plaintiff has not been subject to for years, and which Plaintiff apparently did not challenge through the state court process(es) available to him when the conditions were imposed in 2021.

Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and this Court should dismiss Plaintiff's amended complaint for lack of subject-matter jurisdiction. *See Tyler v. Supreme Judicial Court of Mass.*, 914 F.3d 47, 51 (1st Cir. 2019) (*Rooker-Feldman* applies when "the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment").

Furthermore, even if the Court were to find that the *Rooker-Feldman* doctrine does not apply and that it has subject-matter jurisdiction to hear Plaintiff's claims, such claims must nevertheless be dismissed because they are barred by various doctrines of immunity, are time-barred, and otherwise fail to state a claim upon which relief can be granted.

## I.    Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, "'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler v. Supreme Judicial Court of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). *Rooker-Feldman* applies "where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* (citations and internal quotation marks omitted). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* (same omissions).

Plaintiff's claims are, by their plain terms, an attempt to use this federal forum to seek redress for bail conditions entered against him by a bail commissioner as part of a criminal case in state court. This is evident from Plaintiff's prayer for relief, where he asks the court to declare that the bail conditions imposed upon him were unconstitutional. Amended Complaint at 4. To grant that relief, this court would necessarily have to review and reject the judgment of the bail commissioner (exercising his quasi-judicial authority in state court) in entering those bail conditions. Under *Rooker-Feldman*, this court is not empowered to do so. *See Tyler*, 914 F.3d at 50 ("The only federal court with statutory jurisdiction to review a state court's decision is the [United States] Supreme Court."). Plaintiff's claims must accordingly be dismissed.

Plaintiff *did* have an avenue to seek review of the Bail Commissioner's decision. As a criminal defendant in a state district court proceeding, Plaintiff was "entitled to a hearing, if requested, on the conditions of bail before a justice within 48 hours [of his request]" and could "file with the superior court a motion for revocation of the order or amendment of the conditions of release set by … [the] bail commissioner[,]" which motion, if filed, would have been "determined promptly."  RSA 597:6-e, I-II. Further, Plaintiff could "appeal to the supreme court from a court's release or detention order, or from a decision denying revocation or amendment of such an order" and such appeal would also have been "determined promptly." RSA 597:6-e, III. And to the extent Plaintiff believed that the bail conditions violated his rights under the U.S. Constitution, he could have sought review from the "only federal court with statutory jurisdiction to review a state court's decision"—the United States Supreme Court. *Tyler*, 914 F.3d at 50.

The fact Plaintiff apparently chose not to pursue these avenues of review was his prerogative. But that does not mean he can now collaterally challenge bail conditions imposed through the state judicial process in this Court. Plaintiff's attempt to have this Court effectively

reverse or vacate a bail condition entered against him by a bail commissioner in a state court action is barred by *Rooker-Feldman*. Consequently, the court should dismiss Plaintiff's amended complaint for lack of jurisdiction.

## II.     Plaintiff's claims are barred by the doctrine of absolute judicial immunity.

Even if the *Rooker-Feldman* doctrine did not bar Plaintiff's claims, Defendant Bail Commissioner would be entitled to absolute judicial immunity. "[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has *absolute immunity* for those actions. And, the Supreme Court has recognized that judicial immunity applies in the context of suits -- like … [Plaintiff's] -- that are brought under § 1983." *Zenon v. Guzman*, 924 F.3d 611, 616-617 (1st Cir. 2019) (emphasis added). "Judges are absolutely immune from damages liability for actions taken in a judicial capacity unless the judge has acted in the clear absence of all jurisdiction." *Decker v. Hillsborough Cty. Attorney's Office*, 845 F.2d 17, 21 (1st Cir. 1988) (internal quotation and citation omitted). "A judge does not lose immunity because an action is erroneous, malicious, in excess of his authority, or disregardful of elementary principles of procedural due process, as long as the judge had jurisdiction over the subject matter before him." *Decker v. Hillsborough Cty. Attorney's Office*, 845 F.2d 17, 21 (1st Cir. 1988). "The doctrine of quasi-judicial immunity extends absolute immunity to other public officers [like Defendant Bail Commissioner] who perform functions essentially similar to those of judges." *Briand v. Morin*, 2003 DNH 28, 2003 U.S. Dist. LEXIS 2709, *4 (D.N.H. February 19, 2003).

Plaintiff does not allege that Defendant Bail Commissioner acted in clear absence of all jurisdiction in imposing the underlying bail conditions. Nor could he realistically do so, as bail commissioners are expressly authorized by statute to "fix the amount of and receive bail in the

same manner as a court may do so . . . ." RSA 597:18. Judges in this District have thus

recognized in numerous cases that bail commissioners are protected by judicial immunity in the

same manner as the court would be. *See Christian v. Anderson*, No. 05-CV-356-JD, 2006 U.S.

Dist. LEXIS 72884, *7 (D.N.H. Oct. 5, 2006) (defendant bail commissioner "entitled to quasi-

judicial immunity from claims brought against him for his actions taken in that capacity.");

*Briand v. Morin*, 2003 DNH 28, 2003 U.S. Dist. LEXIS 2709, *4 (February 19, 2003) (defendant

bail commissioner "entitled to absolute immunity from suit for damages arising from setting …

[the plaintiff's] bail" because setting bail is a "quasi-judicial power[.]"); *Mooney v. Lane*, No. C-

94-176-L, 1994 U.S. Dist. LEXIS 12911, *6 (D.N.H. Aug. 29, 1994) (dismissing action against

bail commissioner and noting that the precedent for the quasi-judicial immunity of bail

commissioners "goes back in time almost 200 years[.]") (citing *Evans v. Foster*, 1 N.H. 374, 377

(1805), *Belcher v. Paine*, 136 N.H. 137 (1992), and *Moore v. Cotton*, 94 N.H. 387, 388 (1947)).

Because Defendant Bail Commissioner is entitled to quasi-judicial immunity on claims

challenging the bail conditions he imposed under the authority conferred on him by state law,

Plaintiff's claim for monetary relief is barred.

a. *Claims for injunctive relief are barred.*

The doctrine of judicial immunity, and the language of § 1983 itself, also bars Plaintiff's

claims for injunctive relief. "[I]n any action brought against a judicial officer for an act or

omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see*

*Justice Network Inc. v. Craighead Cty.*, 931 F.3d 753, 763 (8th Cir. 2019) (noting that Congress

amended § 1983 to include the above language in order to expand judicial immunity, and noting

that, following this amendment, "judicial immunity typically bars claims for prospective

injunctive relief against judicial officials acting in their judicial capacity.").

Accordingly, Plaintiff's request for injunctive relief should also be dismissed.


b.  _Claims for declaratory relief are not viable._

Plaintiff may argue that his request for declaratory relief is not barred by this doctrine,

"[b]ut declaratory judgment is meant to define the legal rights and obligations of the parties in

anticipation of some *future conduct*, not simply to proclaim liability for a past act. Therefore, a

statement that a state judge's prior actions violated federal law does not satisfy the definition of

'declaratory judgment.'" *Albrecht v. Sternenberg*, No. 23-cv-381-JL-TSM, 2023 U.S. Dist.

LEXIS 234529, *11-12 (D.N.H. Dec. 11, 2023) (cleaned up, emphasis added). "The Supreme

Court has admonished that federal courts are not in the business of pronouncing that past actions

which have no demonstrable continuing effect were right or wrong." *ACLU of Mass. v. United

States Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013) (internal quotation and

citation omitted). "Indeed, the First Circuit has indicated that such a declaratory judgment would

typically be an impermissible advisory opinion." *Albrecht v. Sternenberg*, No. 23-cv-381-JL-

TSM, 2023 U.S. Dist. LEXIS 234529, *12 (D.N.H. Dec. 11, 2023) (citing *ACLU of Mass. v. U.S.

Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013)).

Here, Plaintiff has not been subject to the bail conditions at issue for years, and there are

no allegations in the Amended Complaint that any person 'similarly situated' is currently subject

to said conditions (even assuming Plaintiff would have standing to raise such a claim on a third-

party's behalf). Because any order granting Plaintiff's requested 'declaratory' relief would, in

effect, be an impermissible advisory opinion, his request must be denied.

III. **Plaintiff's official-capacity claims for declaratory, injunctive, and monetary relief are barred by the Eleventh Amendment.**

    a.  *Official-capacity claims for declaratory and injunctive relief are barred.*

Judicial immunity aside (though for much the same reasons as stated above), Plaintiff's federal constitutional claims for declaratory and injunctive relief must be denied; such claims are barred by the Eleventh Amendment. While the *Ex parte Young* doctrine "permits federal courts to issue *prospective* relief that requires state officials to conform their future conduct to federal law," it does not provide an exception to Eleventh Amendment immunity for "retrospective relief that only makes reparation for the past." *Cotto v. Campbell*, 126 F.4th 761, 767 (1st Cir. 2025) (emphasis added); *see also T.W. v. N.Y. State Bd. of Law Exam'rs*, 110 F.4th 71, 91–92 (2d Cir. 2024) (holding that a request for declaratory relief that was "facially retrospective" in that it sought "only a declaration regarding [the government's] previous actions, not its future conduct" was barred by the Eleventh Amendment).

Plaintiff's request for declaratory relief must be dismissed, as it would function as a "partial 'end run' around this prospective relief requirement." *Cotto v. Campbell*, 126 F.4th 761, 770 (1st Cir. 2025) (citation omitted).

Plaintiff's request for injunctive relief must likewise be dismissed. Though Plaintiff characterizes his requested relief as injunctive, "such an injunction cannot be fairly characterized as prospective[.]" *See Narrigan v. Goldberg*, 2025 U.S. Dist. LEXIS 54966, *16 (D. Mass. Mar. 25, 2025) (cleaned up) (citing *Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023).  Even if Plaintiff claims a "continuing liability for a past harm … there is no ongoing constitutional violation here necessitating prospective relief" as he has not been subject to the bail conditions

for years. *See Narrigan*, 2025 U.S. Dist. LEXIS 54966, *16 (D. Mass. Mar. 25, 2025) (cleaned up) (citing *Cotto v. Campbell*, 126 F.4th 761, 769 (1st Cir. 2025)).

Because Plaintiff's requests for declaratory and injunctive relief relate to Defendant Bail Commissioner's *past* conduct, Plaintiff's claims are impermissible and must be dismissed.

b.   <u>*Official-capacity claims for monetary relief are barred.*</u>

Plaintiff's federal constitutional claims for monetary relief are likewise barred by the Eleventh Amendment, which "generally bars suits against states and state officials in federal court." *Parente v. Lefebvre*, 122 F.4th 457, 461 (1st Cir. 2014) (citation and quotation marks omitted). For actions brought under 42 U.S.C. § 1983, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office … [a]s such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  "It is settled beyond peradventure . . . that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991).

Accordingly, the Eleventh Amendment bars Plaintiff's federal claims to the extent those claims seek monetary damages and are asserted against the Defendant Bail Commissioner in his official capacity. Those claims must therefore be dismissed.

IV.    **Plaintiff's individual-capacity claims for declaratory and injunctive relief, to the extent he raises any, are not viable.**

It is unclear whether Plaintiff raises claims against Defendant Bail Commissioner in his individual capacity. While Defendant Bail Commissioner reserves the right to present other and further defenses in the event Plaintiff seeks to clarify such claims, he raises defenses against individual-capacity claims now for the sake of judicial economy.

To the extent Plaintiff asserts individual-capacity claims for injunctive or declaratory relief against Defendant Bail Commissioner, such claims are not viable. "Under § 1983, a plaintiff cannot sue an official in their individual capacity for injunctive or declaratory relief." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022). Likewise, Plaintiff makes no allegations that would support an inference (much less a plausible one) that the Bail Commissioner took any action in relation to Plaintiff's case outside of the scope of his official role. Indeed, logic dictates that Defendant Bail Commissioner, acting in his individual rather than official capacity, would necessarily lack authority to impose the very bail conditions Plaintiff seeks to enjoin.

Because Plaintiff's claims for injunctive and declaratory relief cannot proceed against the Defendant Bail Commissioner in his individual capacity, these claims too must be dismissed. To the extent Plaintiff asserts individual-capacity claims for monetary damages, such claims are insufficiently pled or otherwise time-barred and must be dismissed for the reasons stated herein.

### V.     Plaintiff's claims are time-barred.

"Section 1983 does not contain a built-in statute of limitations. Thus, a federal court called upon to adjudicate a section 1983 claim ordinarily must borrow the forum state's limitation period governing personal injury causes of action." *Nieves v. McSweeney*, 241 F.3d, 46, 51 (1st Cir. 2001). New Hampshire law imposes a three-year statute of limitations for claims against state agencies or officials. RSA 541-B:14, IV; *see also* RSA 508:4 (imposing a three-year limitations period for personal actions).

Here, Plaintiff alleges that he was arrested on October 27, 2021, and that the Defendant Bail Commissioner violated Plaintiff's constitutional rights by imposing certain bail conditions upon him following that arrest. ECF Doc. No. 12 at 1-2; ECF Doc. No. 12-1 (Circuit Court Bail Order dated October 27, 2021). Accordingly, the three-year statute of limitations ran on October 27, 2024. Despite this, Plaintiff did not initiate claims on said bail conditions until March 2, 2025, when he filed his Amended Complaint. *See* ECF Doc. No. 12

Accordingly, Plaintiff's claims related to the October 2021 bail order are barred by the applicable three-year statute of limitations and must be dismissed.

### VI.     Plaintiff fails to state a claim upon which relief can be granted.

Even if Plaintiff had pled sufficient facts to demonstrate that (1) this federal court has jurisdiction over claims regarding his state-court bail conditions, (2) his claims against the Bail Commissioner are not barred by judicial immunity, (3) his claims against the Bail Commissioner are not barred by the Eleventh Amendment, and (4) his claims are not barred by the three-year statute of limitations (and Defendant submits Plaintiff has overcome none of these hurdles), Plaintiff's claims would nevertheless warrant dismissal because they fail to state a claim upon which relief can be granted.

The defendant assumes for the purposes of this motion that the plaintiff claims Defendant Bail Commissioner violated his constitutional rights, and that Plaintiff seeks to assert a First Amendment retaliation claim against the Bail Commissioner related to said violation, as well as a prior restraint claim.[4] It is unclear whether an independent cause of actions is recognized for an alleged 'retaliatory bail condition,' as opposed to a retaliatory arrest. Regardless, Plaintiff has failed to allege that his constitutional rights were violated, let alone that the Defendant had a retaliatory animus for committing such a violation.

"Claims of retaliation for the exercise of First Amendment rights are cognizable under § 1983." *Powell v. Alexander*, 391 F.3d 1, 16 (1st Cir. 2004). In order to prevail on his First Amendment claim, Plaintiff "must show that the defendant['s] intent to retaliate against him for protected speech was a substantial factor in motivating the [defendant's] actions[.]" *Marier v. Town of Allenstown*, 2003 DNH 172, 2003 U.S. Dist. LEXIS 17924 (2003) (citing *Pontarelli v. Stone*, 930 F.2d 104, 115 (1st Cir. 1991); *accord Collins v. Nuzzo*, 244 F.3d 246, 252 (1st Cir. 2001)).

If Plaintiff makes this showing, the burden then "shifts to the defendant[] to show that … [he] would have responded to the circumstances … in the same way even if … [Plaintiff] had not [engaged in the conduct giving rise to the alleged animus]." *Marier v. Town of Allenstown*, 2003 DNH 172, 2003 U.S. Dist. LEXIS 17924, *13 (2003) (citing *Pontarelli v. Stone*, 930 F.2d 104, 115 (1st Cir. 1991); *accord Collins v. Nuzzo*, 244 F.3d 246, 252 (1st Cir. 2001)).

---

[4] To the extent the plaintiff suggests in response to this motion that he is seeking to proceed under a different First Amendment theory, the defendant reserves the right to address that in a reply.

Of course, as a necessary precondition of his retaliation claim, Plaintiff must establish that his constitutional rights were, in fact, violated. *See Ouahman v. O'Mara*, No. 11-cv-075-SM, 2011 U.S. Dist. LEXIS 133756, *9 (D.N.H. Aug. 29, 2011) (holding that "[i]n order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Soto v. Flores*, 103 F.3d 1056, 1061-62 (1st Cir. 1997)).

This the Plaintiff has not done.

### a.  No constitutional violation occurred.

"To show a First Amendment violation in this context … [Plaintiff] must allege that his speech was in fact chilled or intimidated" by Defendant's activity. *Sullivan v. Carrick*, 888 F.2d 1, 4 (1st Cir. 1989). "Although the threat of damages or criminal action may chill … speech, a prior restraint 'freezes' speech before the audience has the opportunity to hear the message." *In re Providence Journal Co.*, 820 F.2d 1342, 1345-1346 (1st Cir. 1986) "Absent such an allegation, no violation occurred. … In short, defendant's mere allegation that he was harmed does not amount to satisfying the causation requirement of a Section 1983 action." *Sullivan v. Carrick*, 888 F.2d 1, 4 (1st Cir. 1989).

Here, Plaintiff's claims are belied by his own conduct. He violated the bail conditions a week after they were imposed, and has initiated a lawsuit against the Bail Commissioner regarding those same bail conditions. ECF Doc. No. 12 at 2-3. Plaintiff's own account of the facts in this case demonstrate that he was "anything but intimidated" by Defendant Tucker's actions. *See Sullivan v. Carrick*, 888 F.2d 1, 4 (1st Cir. 1989) (considering the plaintiff's filing of a lawsuit against the defendant as evidence plaintiff was not intimidated by defendant).

Further, there are no allegations that the subject bail conditions, either as written or in effect, limited Plaintiff's free speech to constitute a "prior restraint" on same. *McBrearty v. Miller*, No. 1:23-cv-00143-NT, 2024 U.S. Dist. LEXIS 87231, *26 (D. Me. May 15, 2024) (noting that the term "prior restraint" is "'used to describe administrative and judicial orders forbidding certain communications when issued *in advance of the time that such communications are to occur.*'") (citing to a quote from *Alexander v. United States*, 509 U.S. 544, 550, (1993)). Indeed, Defendant Bail Commissioner did not confiscate Plaintiff's recording device, and the subject bail conditions in no way prohibited Plaintiff from reporting on his YouTube channel or through any other medium. The conditions simply restricted Plaintiff's ability to engage in the very conduct that ultimately resulted in his underlying arrest.

Where there is no plausible basis to infer that the subject bail conditions "chilled" or "intimidated" Plaintiff, he has failed to allege that a constitutional violation even occurred. Plaintiff's First Amendment claim against the Defendant Bail Commissioner must therefore be dismissed.

b. _The bail conditions were not retaliatory._

But even if Plaintiff had sufficiently alleged that the Bail Commissioner's actions had a chilling or intimidating effect on his free speech, Plaintiff's claims would nevertheless warrant dismissal. Plaintiff has failed to demonstrate that Defendant Bail Commissioner had an intent to retaliate against him for protected speech, let alone demonstrate that any such retaliatory intent was a substantial factor motivating the Bail Commissioner's actions.

In his Amended Complaint, Plaintiff acknowledges that he was "livestreaming" to his YouTube channel from the lobby of the police department while retrieving public records from

the Department and that, because of this activity on his "channel," multiple "subscribers" called into the police department. Plaintiff was arrested for being disorderly and obstructing government administration at the police department.

It was upon these charges that Defendant Bail Commissioner set Plaintiff's bail, a condition of which was that Plaintiff "shall not be [at] any Charlestown (Town of) property *unless reporting a crime or injury*." ECF Doc. No. 12-1 (emphasis added). There is no allegation that the Bail Commissioner had any involvement in Plaintiff's initial arrest – he simply set bail conditions aimed at preventing the same disruptive and obstructionist conduct for which Plaintiff had been arrested. *See Ouahman v. O'Mara*, No. 11-cv-075-SM, 2011 U.S. Dist. LEXIS 133756, *10-11 (D.N.H. Aug. 29, 2011) (noting that bail conditions are necessarily based on "individualized assessments" performed by the state actor imposing the condition.).

There is no allegation that the Defendant Bail Commissioner treated Plaintiff any differently than any other defendant arrested for disorderly conduct and obstructing government administration, nor is there any basis to infer from the Amended Complaint that the bail conditions were retaliatory. Notably, the subject bail conditions did not prohibit Plaintiff from requesting public records (whether in writing, over the phone, or electronically), from virtually attending public meetings, or from calling or emailing public officers and officials. The bail conditions also made no reference whatsoever to recording public officials or reporting on their general activities. The conditions simply prohibited Plaintiff from entering Town property while his charges (related to disruptive and obstructionist behavior *at Town property*) were pending.

Because Plaintiff has failed to establish that his First Amendment rights were violated, let alone that the Bail Commissioner violated such rights in an act of retaliation, Plaintiff's First Amendment claims must be dismissed.

Further, and as stated above, if Plaintiff felt that the subject bail conditions 'violated his constitutional rights,' or that they were imposed in 'retaliation' for his conduct, he had every opportunity to raise his concerns with the circuit, superior, and supreme court(s) *at the time* he was subject to the allegedly unconstitutional conditions. *See supra; and see United States v. Richard*, No. 90-1584, 1990 U.S. App. LEXIS 14398, *8 (1st Cir. Aug. 15, 1990) (observing that "bail determinations would seem an unlikely vehicle for retaliation" given the court's independent review of such decisions.). Plaintiff failed to do so then, and he is not entitled to dust off and raise anew such stale and meritless causes of action now.

### VII. Plaintiff is not entitled to punitive damages or an award of fees as a matter of law.

For all of the above-stated reasons, Plaintiff's claims are not viable. If, however, the Court allows one or more of those claims to proceed, it should still dismiss the request for punitive and monetary damages and attorneys' fees.

As stated above, Plaintiff's claim for punitive and other monetary damages is barred by absolute judicial immunity and the Eleventh Amendment. Further, punitive damages are available in an action under § 1983 only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Even if the Court concludes that Plaintiff has *minimally* alleged a viable federal claim, there are no allegations in the Amended Complaint(s) that would support an inference that the Bail Commissioner's conduct rose to the level of culpability that would warrant an award of punitive damages under federal law.

Finally, "a non-lawyer *pro se* litigant is not entitled to attorney fees." *Aronson v. United States Dep't of Hous. & Urban Dev.*, 866 F.2d 1, 4 (1st Cir. 1989). Because Plaintiff is proceeding *pro se* in this case, any request for attorneys' fees must also be dismissed.

## <u>CONCLUSION</u>

Plaintiff waited until years after his bail conditions were lifted, and years after his criminal case in state court was closed, to come to this federal forum and seek a six-figure damages award for injuries he allegedly suffered over three years ago in a state court whose appeal process he made no use of. His claims are not properly before this court, are not permissible, and were neither promptly nor adequately pled. Plaintiff's Amended Complaint(s) must be dismissed.

> Respectfully submitted,
> David Tucker
> By his attorney,
> THE OFFICE OF THE ATTORNEY GENERAL

Dated: April 10, 2025

/s/ Shawna Bentley
Shawna Bentley, Bar No. 270149
Attorney
Civil Bureau
NH Department of Justice
1 Granite Place South
Concord, NH 03301
shawna.bentley@doj.nh.gov
(603) 271-6836

## <u>Certificate of Service</u>

I hereby certify that on this day a copy of the foregoing was sent to all parties and counsel of record via the Court's electronic filing system.

*/s/ Shawna Bentley*
Shawna Bentley