**UNITED STATES DISTRICT COURT DISTRICT OF NEW HAMPSHIRE**

MARC JON MANCHON, Plaintiff,

v.

CHARLESTOWN POLICE DEPARTMENT, et al., Defendants.

Civil No. 1:24-cv-00347-LM-AJ

**PLAINTIFFS OBJECTION TO DEFENDANT DAVID A. TUCKERS MOTION TO DISMISS**

NOW COMES the Plaintiff, Marc Jon Manchon, pro se, and respectfully submits this Objection to the Motion to Dismiss filed by Defendant David A. Tucker (Doc. 25), pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff states as follows:

**INTRODUCTION**

This is a civil rights action brought under 42 U.S.C. 1983. Plaintiff alleges that Bail Commissioner David A. Tucker, acting under color of law, imposed retaliatory and unconstitutional bail conditions after Plaintiff was arrested for peacefully filming at a public facility. The restriction barred Plaintiff from entering any public building in Charlestown, including the town hall and library, thereby punishing his speech, newsgathering, and public participation. This condition directly led to a second arrest, which was later dismissedhighlighting the chilling effect and harm caused by Defendants conduct.

Defendant now seeks dismissal on the grounds that Plaintiff fails to state a claim, fails to specify capacity, and is barred by qualified immunity. These arguments are unavailing and the motion should be denied.

**STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court must draw all reasonable inferences in the Plaintiffs favor. Doe v. Brown Univ., 43 F.4th 195, 203 (1st Cir. 2022). Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**ARGUMENT**

**I. The Complaint Adequately Alleges a First Amendment Violation by Commissioner Tucker**

The Amended Complaint (ECF No. 12) alleges that Commissioner Tucker imposed a blanket prohibition banning Plaintiff from all public buildings in Charlestownincluding the town hall, library, and public forumswithout justification or connection to any safety concern. This condition was imposed immediately after Plaintiffs arrest for exercising First Amendment rights, including live-streaming public officials from a public lobby.

This type of restriction constitutes:

Viewpoint discrimination (Reed v. Town of Gilbert, 576 U.S. 155 (2015));

Retaliation for protected speech (Lozman v. City of Riviera Beach, 138 S. Ct. 1945 (2018));

An unconstitutional prior restraint on speech and assembly.

Such allegations, accepted as true, plausibly state a First Amendment violation under 1983. The claim is particularly compelling given that Plaintiff was ultimately acquitted of the underlying charges and the bail restriction resulted in a second arrest, later dismissed.

As the Supreme Court held in United States v. Salerno, 481 U.S. 739 (1987), bail conditions are constitutionally valid only if they are designed to serve a compelling regulatory purpose, such as preventing flight or ensuring safety. Here, the sweeping ban imposed on Plaintiff served no such purposeit did not target conduct, risk, or safety, but rather suppressed speech and public accountability efforts, making it constitutionally infirm.

## II. The Complaint Alleges Individual Capacity Liability

While the Complaint does not use the phrase "individual capacity," it clearly alleges personal conduct by Defendant Tucker in imposing the unlawful condition and seeks compensatory and punitive damages, which are only available in individual-capacity claims. Hafer v. Melo, 502 U.S. 21, 25 (1991).

For example, the Complaint states:

Bail Commissioner Tuckers restriction functioned as an unconstitutional prior restraint, preventing Plaintiff from engaging in lawful newsgathering and public discourse. (ECF No. 12, Am. Compl. COUNT I)

This makes clear that Plaintiff seeks to hold Defendant Tucker personally liable for violating his constitutional rights.

## III. Qualified Immunity is Not Appropriate at the Motion to Dismiss Stage

Qualified immunity shields public officials only when their conduct does not violate clearly established constitutional rights. Pearson v. Callahan, 555 U.S. 223, 231 (2009).

Here, the Complaint alleges that Tucker imposed a sweeping speech-restrictive condition without any individualized justification. The right to record public officials (Glik v. Cunniffe, 655 F.3d 78 (1st Cir. 2011)), attend public meetings, and speak on matters of public concern were all clearly established at the time of the events. There is no legal precedent supporting the idea that banning someone from all public buildings in their own town is a constitutionally

sound bail condition in the absence of compelling justification.

Moreover, factual disputes about the motivation, scope, and necessity of the condition preclude dismissal under Rule 12(b)(6).

**IV. The Absence of a Bail Hearing Does Not Excuse Defendants Conduct**

Defendant implies that the unconstitutional nature of the bail conditions cannot be challenged because Plaintiffs attorney declined a bail hearing. This is both factually irrelevant and legally unsound.

First, Plaintiff does not allege that he was ever given a meaningful opportunity to contest the condition. Any failure to request a hearing may have resulted from procedural confusion or reliance on counselnot a knowing waiver of constitutional rights.

Second, even if a hearing was possible, the constitutional violation occurred at the moment the condition was imposed, and it led to Plaintiffs second arrest. Zinermon v. Burch, 494 U.S. 113, 125 (1990) (process must exist both in theory and in fact).

Moreover, the restriction violated the doctrine of unconstitutional conditions, which bars the government from conditioning a benefitsuch as pretrial releaseon the waiver of a constitutional right. See Koontz v. St. Johns River Water Mgmt. Dist., 570 U.S. 595, 604 (2013) ([T]he government may not deny a benefit to a person because he exercises a constitutional right.). Here, Plaintiff was effectively denied liberty unless he surrendered his rights to access public forums, speak, record, and attend meetingsall fundamental under the First Amendment.

Finally, the existence of state procedural remedies does not immunize unconstitutional action under 1983. When a public official violates clearly established rights, the law provides a direct federal remedy, irrespective of whether state courts were utilized.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court:

DENY Defendant Tuckers Motion to Dismiss (Doc. 25) in its entirety;

Allow Plaintiffs claims to proceed to discovery; and

Grant such other relief as the Court deems just and proper.

Respectfully submitted, April 11, 2025

Marc Jon Manchon Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiffs Objection to Defendant David A. Tuckers Motion to Dismiss was served on all parties in this action by electronic filing via the Courts CM/ECF system, or by U.S. mail, postage prepaid, to any party not registered with the CM/ECF system, on this 11th day of April, 2025.

Respectfully submitted,

_____ Marc Jon Manchon Pro Se Plaintiff