UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Marc Manchon

    v.                        No. 24-cv-347-LM-AJ

David Tucker, et al.

**REPORT AND RECOMMENDATION**

    Self-represented plaintiff Marc Manchon brings this civil rights action against the Chief of the Charlestown, New Hampshire Police Department ("CPD"), a CPD dispatcher, and a bail commissioner, claiming various violations of his constitutional rights in connection with his arrest and the imposition of certain bail conditions.

    Presently before the court is Bail Commissioner David Tucker's motion to dismiss (Doc. No. 25) which has been referred to the undersigned magistrate judge for a recommended disposition. See Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 636(b)(1)(B). As explained more fully below, the motion to dismiss should be granted.

**Legal Standard**

    Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiffs' favor, and "determine whether the

factual allegations in the plaintiff[s'] complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 68, 71 (1st Cir. 2014) (quotation omitted). The court may consider facts alleged in the complaint as well as facts contained in exhibits to the complaint. See Freeman v. Town of Hudson, 714 F.3d 29, 35 (1st Cir. 2013).

A claim is facially plausible "when the plaintiff[s] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

**Factual Background**[1]

Mr. Manchon is an independent journalist. He operates a YouTube channel called "PressNH Now." Am. Compl. (Doc. No. 12) at 2. On October 27, 2021, he entered the lobby of the Charlestown Police Department to retrieve certain public records. Id. Mr. Manchon was livestreaming on his YouTube channel from the police station lobby while multiple viewers of his channel called the Police Department to "express concerns"

---

[1] The court limits its discussion to those facts relevant to Manchon's claims against Tucker.

2

about police conduct. Id. Mr. Manchon tried to discourage such calls. Id. He was subsequently arrested and charged with disorderly conduct and obstructing government administration. Id. at 3.

Bail Commissioner Tucker imposed conditions which prohibited Mr. Manchon from "entering any public buildings in Charlestown, NH" unless he was "reporting a crime or injury." Id.; Exh. A (Doc. No. 12-1). A week later, Mr. Manchon was arrested for violating his conditions of bail. Id. Those charges were dismissed at arraignment, and Mr. Manchon was found not guilty of the charges of disorderly conduct and obstructing government administration. Id.

Mr. Manchon asserts two claims in his Amended Complaint under 42 USC § 1983: Count I (First Amendment Violation) is against "[a]ll Defendants, including Bail Commissioner Tucker" and Count II (Fourth Amendment Violation) is against Chief Connor and Dispatcher Relihan only. Id. at 1, 3. He seeks declaratory and injunctive relief, compensatory and punitive damages, and an award of attorney's fees and costs. Id. at 4. With regard to Bail Commissioner Tucker, Mr. Manchon seeks: (1) a declaratory judgment that the 2021 bail condition was unconstitutional, (2) $50,000.00 in compensatory damages related to "legal fees, travel expenses, and emotional distress," (3) $100,000.00 in punitive damages to "punish Defendants" for their

3

"malicious and reckless disregard for Plaintiff's constitutional rights" and to "deter future violations," (4) declaratory judgment that Defendant Bail Commissioner violated Plaintiff's First Amendment Rights[2] under the United States Constitution, (5) a permanent injunction prohibiting Defendant Bail Commissioner from "imposing any future bail conditions that [are unconstitutional,] restrict press access or broadly bar individuals from public buildings, both against Plaintiff and similarly situated individuals, unless justified by a compelling governmental interest and subject to due process protections[,]" (6) Attorney's fees and costs under 42 U.S.C. § 1988, "even though Plaintiff is proceeding pro se," and (7) an "apology letter" from Defendants. Id. at 4.

Tucker asserts several bases for dismissal. Because, however, his assertion of quasi-judicial immunity is both indisputably supported by the record and consistent with past decisions from this court, the court's analysis begins and ends with that doctrine.[2]

---

[2] In addition to quasi-judicial immunity, Tucker asserts that Mr. Manchon's claim is barred by the Rooker-Feldman doctrine, Eleventh Amendment immunity, the statute of limitations, and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**Discussion**

Quasi-Judicial Immunity

Judicial immunity generally precludes lawsuits brought against judges for acts taken as part of their judicial functions. See, e.g., Verogna v. Johnstone, 583 F. Supp. 3d 331, 337-38 (D.N.H. 2022), aff'd, No. 22-1364, 2022 WL 19795808 (1st Cir. Nov. 14, 2022); Dominic v. Goldman, 560 F. Supp. 3d 579, 586 (D.N.H. 2021). Judicial immunity is absolute, and it is broad. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam). It "applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Id. (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." Davis v. Campbell, 2014 WL 234722, at *8 (N.D.N.Y. Jan. 22, 2014) (citing Imbler v. Pachtman, 424 U.S. 409, 419 n.12 (1976)); see also Gibson v. Goldston, 85 F.4th 218, 223 (4th Cir. 2023) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)). "Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity." Cok, 876 F.2d at 2.

Further, judicial immunity extends to "those who perform tasks that are inextricably intertwined with the judicial function," a doctrine known as quasi-judicial immunity. Nystedt

5

v. Nigro, 700 F.3d 25, 30 (1st Cir. 2012). Quasi-judicial immunity "is rooted in the wise idea that those who perform adjudicative functions 'require a full exemption from liability.'" Id. (quoting Butz v. Economou, 438 U.S. 478, 508 (1978)).

    Though Mr. Manchon claims that Tucker imposed unconstitutional bail conditions, he does not allege that Tucker acted "in the clear absence of all jurisdiction." Cok, 876 F.2d at 2. Nor could he credibly do so, as the New Hampshire legislature has explicitly granted bail commissioners the very authority that Tucker exercised in Mr. Manchon's underlying criminal case. See N.H. Rev. Stat. Ann. § 597:18 (granting bail commissioners power to set bail conditions except in murder cases). Thus, it is not surprising that this court has consistently found that bail commissioners are immune from suit. See, e.g., Holder v. Town of Newton, No. CIV. 08-CV-197-JL, 2010 WL 432357, at *12 n.17 (D.N.H. Feb. 3, 2010) (observing, in dicta, that "[t]he bail commissioner . . . would have quasi-judicial immunity from civil liability for actions taken in that capacity) (citing Briand v. Morin, No. CIV. 02-540-JD, 2003 WL 540185, at *1 (D.N.H. Feb. 25, 2003) (finding that bail commissioner "is entitled to absolute immunity from suit for damages arising from setting [plaintiff's] bail" because setting bail is a "quasi-judicial power[.]")); Walsh v. New Hampshire,

6

No. CIV 08-CV-327-JL, 2009 WL 756210, at *3 (D.N.H. Mar. 17, 2009) (finding that bail commissioner is shielded from liability by quasi-judicial liability); Christian v. Anderson, No. CIV 05-CV-356-JD, 2006 WL 2924926, at *2 (D.N.H. Oct. 5, 2006) (defendant bail commissioner "entitled to quasi-judicial immunity from claims brought against him for his actions taken in that capacity."); Mooney v. Lane, No. C-94-176-L, 1994 WL 484290, at *2 (D.N.H. Aug. 29, 1994) (dismissing action against bail commissioner and noting that the precedent for the quasi-judicial immunity of bail commissioners "goes back in time almost 200 years[.]") (citing Evans v. Foster, 1 N.H. 374, 377 (1805) (rejecting suit against magistrate for setting excessive bail because ["a]ll judicial officers, when acting on subjects within their jurisdiction, are exempted from civil prosecutions for their acts.")).

Mr. Manchon does not address the issue of Tucker's quasi-judicial immunity in his objection to Tucker's motion. Regardless, given the unbroken line of authority cited above, the court has little trouble finding that, in his role as bail commissioner, Tucker is absolutely immune from suit. Accordingly, his motion to dismiss (Doc. No. 25) should be granted.

## Conclusion

Based on the foregoing, the district judge should grant Bail Commissioner's motion to dismiss (Doc. No. 25)

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court." Id. (cleaned up). Additionally, any issues "not preserved by such objection are precluded on appeal." Id.

*[signature: Andrea K. Johnstone]*

Andrea K. Johnstone
United States Magistrate Judge

August 27, 2025

cc: Marc Jon Manchon, pro se
    Counsel of Record